### B. F. DUNCAN'S ADMR. *v.* SAMUEL MCKEE et al.

Guardian's Bond — Sureties — Counter-Surety — Indemnity — Clerk's Mistake — Oral Evidence.

    1. If the appellant had proceeded against his principal under the Acts of 1856, he might have been released from responsibility as surety. But he only required counter-surety in the County Court, and in that court the obligors bind themselves to hold him harmless.

Same.

    2. But in the bond executed in the Circuit Court they became responsible to the ward for the price of land, and it was intended to release the appellant, but the proper order was omitted by mistake of the clerk, as shown in the evidence received, without objection. *Held,* that, as the evidence was not objected to, the competency is admitted, and the court, therefore, is bound to give effect to the Circuit Court bond.

Same.

    3. A surety on an original bond in the County Court is released from liability, when a new bond is made on an appeal to the Circuit Court, which is intended to release the original surety.

APPEALED FROM GARRARD CIRCUIT COURT.

March 4, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action in equity was instituted in February, 1861, by John S. and Harvey D. Arnold, infants, suing by their guardian and next friend against Alexander B. Arnold, a former guardian, and his sureties for a settlement of the accounts of said Alexander B. Arnold, and judgment against him and his sureties, of whom Benjamin F. Duncan was one, for the amount due them in the hands of the former guardian.

The first bond was executed November 6, 1854, with said Duncan and B. F. Doty as sureties.

Subsequent to the execution of said bond a petition was filed in the Garrard Circuit Court by said guardian for the sale of sixty-two acres of land belonging to the infants, and on the 14th of November, 1855, he executed a bond with said Duncan and Doty as his sureties to said infants, conditioned for the faithful performance of all the duties by said guardian under the law, and that he would perform all decrees and judgments that might be rendered in said case.

It is averred in the petition that on the 21st of February, 1859, said guardian executed a further bond to said infants with said Doty, and one John B. Boyle, as his surety, with like conditions as the former bond, and in the nature of a bond of indemnity to B. F. Duncan, the former surety.

The sixty-two acres of land of said infants were sold under the judgment of the court for near $2,000.

Before the money for the land was paid over to the guardian, Duncan moved the County Court of Garrard that he should be required to give him counter-security as guardian as aforesaid, which he did, with said Doty and John B. Boyle as his sureties.

On the same day the bond was executed in the County Court by said guardian, he also executed a bond in the Circuit Court with the same sureties, for the faithful discharge of all his duties as required by law, and as specified in *chapter 86, Revised Statutes* of Kentucky, and under any order or decree in said court in pursuance thereof, and save harmless B. F. Duncan, surety, on former bond herein, and it is recited in said bond that " this bond is not an additional bond, but is given as a substitute for the bond given in the original case." But there seems to have been no order of court requiring said bond to be executed, nor is there any approving it, but Landrum proves that he was clerk of the Garrard Circuit Court at the time said bond was executed, and it was done on the motion of Duncan in the case of Margaret Arnold's heirs on petition, that the obligors all came into court and executed the bond, Duncan being unwilling that the money should be paid over to Arnold, the guardian, until he executed a bond by which he, Duncan, was released, and his motion by mistake of the clerk was omitted to be entered on the order-book.

George W. Dunlap proves that he was counsel for the guardian and as such filed his petition for the sale of his ward's land; that a short time before the purchase money was due Duncan came

to him and requested him not to have Arnold, the guardian, appointed receiver to collect the sale money, until she should execute another bond in lieu of the one he had executed with Doty and him, Duncan, as his surety; that said Arnold came to the witness and requested him to act as receiver to collect the money, and at the February term, 1859, of said court he would give the bond Duncan required of him, and at that term of said court witness made a motion to the court for Duncan to the effect aforesaid, and Arnold, with his sureties, Doty and Boyle, came into court and executed the bond named by Landrum, and without such bond the purchase money for the land would not have been paid to said Arnold. This evidence was not excepted to and was read on the trial.

On final hearing judgment was rendered against Arnold, the guardian, and his sureties in favor of plaintiffs for the amount received by said guardian of his wards' estate, but that the amount should be made first out of Arnold, Doty, and Boyle's estates, and if they proved insufficient then the estate of Duncan was to be ultimately liable. From that judgment Duncan's personal representative has appealed, he having in the meantime died.

If Duncan had proceeded against his principal under the Act of 1856, and procured a new bond to be executed, he might have procured a release altogether from responsibility as his surety. Watts v. Pettit's Heirs, MSS. opinion, winter term, 1867. But he only required counter-surety to be given him under section 15 (art. 1, chap. 43, 1 R. S. 576), in the County Court; and in that bond the obligors bind themselves to bear Duncan harmless in every particular on account of his suretyship to Arnold as guardian aforesaid. But in the bond executed in the Circuit Court they became responsible to the wards directly for the price of the land, and it was intended to release Duncan from his responsibility therefor, and would unquestionably have been effectual for that purpose if the proper orders had not been omitted by mistake of the clerk, as is shown by the evidence in the case read without objection. As, therefore, the competency of the evidence is admitted, we are bound to give effect to said bond. Whereby no injustice is done to any one, and without which injustice might be done the estate of Duncan, because he would not have permitted the money to be paid over to the guardian, if he had not executed said bond.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the petition against Duncan's representative so far as it seeks to make his estate responsible for the price the infants' land sold for, and for further proceedings consistent herewith.

JUDGE ROBERTSON did not sit in this case.

*Bradleys & McKee,* for appellant.

*Durham & Burdett,* for appellees.